UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 1, 2015

LETTER TO COUNSEL

      RE:    *Jessica M. Claiborne v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-1918

Dear Counsel:

On June 13, 2014, Plaintiff Jessica M. Claiborne petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment and the Commissioner's supplemental brief in support of her motion.[1] [ECF Nos. 14, 16, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Ms. Claiborne filed a claim for Supplemental Security Income ("SSI") on October 21, 2010, alleging a disability onset date of January 1, 2007. (Tr. 161-66). Her claim was denied initially and on reconsideration. (Tr. 85-89, 92-94). A hearing was held on December 5, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 40-58). Following the hearing, the ALJ determined that Ms. Claiborne was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 23-34). The Appeals Council denied Ms. Claiborne's request for review, (Tr. 10-14), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Claiborne suffered from the severe impairments of posttraumatic stress disorder and major depressive disorder. (Tr. 28). Despite these impairments, the ALJ determined that Ms. Claiborne retained the residual functional capacity ("RFC") to "perform a full range of unskilled work at all exertional levels; however, she cannot work with the general

---

[1] Pursuant to this Court's March 24, 2015, Order, the Commissioner was permitted to file supplemental briefing addressing apparent issues that arose as a result of the Fourth Circuit's March 18, 2015, opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). [ECF No. 17]. After reviewing the Commissioner's supplemental brief, it is clear that remand is appropriate under *Mascio*. Because I am recommending that the Court grant the relief most favorable to Ms. Claiborne, I need not wait for Ms. Claiborne's supplemental response before issuing this opinion. *See Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013) (holding that a district court generally does not have the authority to direct an award of benefits on remand). Moreover, it is in Ms. Claiborne's best interest to remand the case to the Commissioner at the earliest possible date.

*Jessica Marie Claiborne v. Commissioner, Social Security Administration*
Civil No. SAG-14-1918
May 1, 2015
Page 2

public or have more than occasional interaction with supervisors and co-workers." (Tr. 30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Claiborne could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 33-34).

On appeal, Ms. Claiborne raised four arguments: (1) that the ALJ failed to assess her psychiatric impairments properly; (2) that the ALJ presented an inadequate hypothetical to the VE; (3) that the ALJ erred in making an adverse credibility assessment; and (4) that the ALJ did not properly assess Ms. Claiborne's activities of daily living. Additionally, as addressed below, I have considered Ms. Claiborne's case under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. Because the ALJ's evaluation of Ms. Claiborne's "moderate limitation" in concentration, persistence, or pace was inadequate under *Mascio*, remand is warranted. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Claiborne was not entitled to benefits was correct or incorrect.

As background, on March 18, 2015, while Ms. Claiborne's case remained pending, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*. In *Mascio,* the Fourth Circuit determined that remand was appropriate for three distinct reasons, one of which appeared relevant to the analysis of this case. Accordingly, on March 24, 2014, the Court afforded the Commissioner an additional 30 days to file a brief addressing the apparent *Mascio* issue. [ECF No. 17]. The Commissioner filed a supplemental brief on April 20, 2015. [ECF No. 18].

Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment– did not include any mental limitations other than unskilled work,[2] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

---

[2] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

In this case, at step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Ms. Claiborne has "moderate difficulties." (Tr. 29). The entirety of the analysis states, "Ms. Claiborne stated that she has difficulty concentrating and remembering. However, she is able to live alone, perform housework, cook, do laundry, and shop for groceries." *Id.* According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 CFR § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Ms. Claiborne's case suggests that the finding of "moderate difficulties" was based exclusively on Ms. Claiborne's statements that she experiences issues with concentrating and remembering, since the sole remaining sentence in the analysis would suggest mild or no limitations.

However, in the section of the opinion containing the RFC assessment, the ALJ appears to discount Ms. Claiborne's claimed issues with concentration, in concluding that she did not have "demonstrated difficulties with concentration or ability to function in a work like setting." (Tr. 32). The RFC assessment determined by the ALJ does not contain any limitations directed towards an issue with concentration, persistence, or pace. The only limitations appear to address Ms. Claiborne's moderate difficulties with social functioning. (Tr. 30) (determining that Ms. Claiborne "cannot work with the general public or have more than occasional interaction with supervisors and co-workers"). Without an understanding of why the ALJ reached contradictory conclusions about whether Ms. Claiborne does or does not have moderate difficulties with concentration, persistence, or pace, I must recommend that the Court remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

In her supplemental brief, the Commissioner contends that, in this case, "the ALJ's decision is supported by substantial evidence and consistent with the standard enunciated in *Mascio*." Def.'s Supplemental Br. 6. In support of her argument, the Commissioner cites medical records and evidence suggesting that Ms. Claiborne had no significant impairment in her ability to concentrate or to persist in a task. Def.'s Supplemental Br. 3-6. The Commissioner contends that the analysis in this case is thus analogous to that upheld by this Court in *Dean v. Comm'r, Social Sec. Admin.*, No. SAG-14-1127, 2015 WL 1431548, at *1-2 (D. Md. Mar. 26, 2015). However, the *Dean* case is factually distinguishable. In *Dean*, the ALJ provided a clear explanation of the reason for assessing a moderate limitation in the first place, and then a clear explanation of why, despite that moderate limitation, the claimant would not have issues persisting in a given task. *See Dean*, No. SAG 14-1127 [ECF No. 13-1 at 20] ("Despite these limitations, the claimant remained persistent throughout the testing process and he was able to sustain attention (Exhibit 13F), however, given this profile, the claimant would likely have difficulty processing complex or detailed work instructions and procedures, and I have therefore assessed a moderate limitation in concentration."); *id.* at 25-26 ("Though he periodically needed breaks to stand and stretch, he had no visible difficulty sustaining his attention for tasks during the two several hour sessions."); *id.* at 27 ("I find that when considering the claimant's mild to moderate issues involving learning and memory, he does not have the ability to sustain the focus and concentration necessary to sustain complex, detailed tasks, which could have extensive training, ongoing learning, or require significant memory processing. Rather, he should be restricted to the more limited demands of simple, routine, and repetitive work tasks. During testing, he did adequately demonstrate the ability to sustain the attention and concentration necessary to compete two rigorous days of testing, and he persisted equally as well, only giving up on one task. (Exhibit 13F). Therefore, I find that the claimant retains significant strengths in the area of concentration and persistence, and is no more limited than identified in the residual functional capacity.") In sum, the claimant in *Dean* suffered issues of concentration that precluded complex tasks, but no issues with persistence or pace. With the detailed explanation provided, a court reviewing the ALJ's opinion in *Dean* is readily able to understand both the reason for the assessment of the moderate limitation and the reason why the RFC assessment did not include any limitations on the ability to sustain a particular task.

The same cannot be said for the ALJ's explanation in the instant case. The Commissioner argues that the ALJ provided an adequate explanation of why Ms. Claiborne had no limitations in her ability to sustain tasks. However, what is lacking in the instant case is any explanation of why the ALJ assessed a moderate limitation in concentration, persistence, or pace. If, as the Commissioner suggests, the ALJ made the finding based solely upon Ms. Claiborne's subjective allegations of issues with concentration, which the ALJ in fact did not credit, then the ALJ misapplied the special technique described above. The conclusions at step two are supposed to represent reasoned consideration of all of the pertinent evidence, and are not simply an opportunity to give the claimant the benefit of the doubt at one step while taking it away at the next step. Without understanding why the ALJ believed Ms. Claiborne to have a moderate limitation in concentration, persistence, or pace, as opposed to a mild limitation or no limitation, I cannot ascertain whether the moderate limitation found by the ALJ would warrant any RFC restrictions in Ms. Claiborne's ability to perform or sustain even unskilled work. Thus, on

*Jessica Marie Claiborne v. Commissioner, Social Security Administration*
Civil No. SAG-14-1918
May 1, 2015
Page 5

remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

With respect to the other arguments Ms. Claiborne raised, I generally find that the ALJ provided adequate evidentiary support for her conclusions, including the adoption of certain portions of the opinions from Ms. Claiborne's treating physician, Dr. Burgess, and the assignment of "no weight" to the remainder of Dr. Burgess's opinions. The ALJ engaged in a detailed review of Ms. Claiborne's medical records and her reported activities of daily living, considered the effects of compliance and noncompliance on her mental health, and enumerated specific reasons for her evaluation of Dr. Burgess's opinions. With the exception of the *Mascio* issue described above, I find no error warranting remand. However, on remand, the ALJ should provide whatever further explanation she feels might assist future appellate review, if appropriate.

For the reasons set forth herein, Ms. Claiborne's Motion for Summary Judgment [ECF No. 14] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 16] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge