IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JESSICA M. CLAIBORNE, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Case No. SAG-14-1918 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

******

**MEMORANDUM**

This matter is before the Court by the parties' consent. (ECF Nos. 3, 7). Jessica M. Claiborne has filed a motion for attorney's fees pursuant to both the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA") and the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 20). The Commissioner has opposed Ms. Claiborne's motion, contending that the government's position in this case was substantially justified. (ECF No. 23). For the reasons set forth below, Ms. Claiborne's Application for Attorney's Fees is GRANTED.

**I. BACKGROUND**

Jessica Claiborne applied for Supplemental Security Income ("SSI") on October 21, 2010, alleging that she was disabled due to affective disorders, asthma, generalized anxiety disorder, depression, recurrent psychotic features, posttraumatic stress disorder ("PTSD"), and attention deficit hyperactivity disorder ("ADHD"). (Tr. 60, 72). Her claim was denied initially and upon reconsideration. (Tr. 85-89, 92-94). A hearing was held on December 5, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 40-58). Following the hearing, the ALJ determined that Ms. Claiborne was not disabled within the meaning of the Social Security Act during the

relevant time frame. (Tr. 23-34). The Appeals Council denied Ms. Claiborne's request for review. (Tr. 4-9).

Ms. Claiborne next sought relief from this Court. (ECF No. 1). In her summary judgment motion, Ms. Claiborne raised four arguments: (1) that the ALJ failed to assess her psychiatric impairments properly; (2) that the ALJ presented an inadequate hypothetical to the VE; (3) that the ALJ erred in making an adverse credibility assessment; and (4) that the ALJ did not properly assess Ms. Claiborne's activities of daily living. (ECF No. 14). In addition, on March 24, 2015, the Court alerted the parties to a potential issue under the Fourth Circuit decision of *Mascio v. Colvin*, 780 F.3d 632, which was decided on March 18, 2015, as Ms. Claiborne's case was pending. (ECF No. 17). Pertinent to this case, *Mascio* held that restriction to simple or unskilled work does not account for a claimant's moderate limitation in concentration, persistence, and pace. *Id.* at 638. The Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task. *Id.* In the instant case, the ALJ found that Ms. Claiborne had a moderate limitation in her ability to maintain concentration, persistence, or pace, but the only mental limitation appearing in her RFC assessment stated that, "she cannot work with the general public or have more than occasional interaction with supervisors and co-workers." (Tr. 30). Accordingly, the Court's March 24, 2015 letter to the parties granted the Commissioner additional time to review the case to determine whether consent remand was required under *Mascio*, or whether she instead wished to file a supplemental brief addressing the apparent *Mascio* issue. (ECF No. 17). The Commissioner filed a supplemental brief on April 20, 2015. (ECF No. 18). Ms. Claiborne was also granted additional time to file a response to any supplemental brief, but she did not file a response. *See id.*

On May 1, 2015, this Court vacated the ALJ's decision and remanded this case for further proceedings. (Letter Op. 5, ECF No. 19). The Court did not find merit in Ms. Claiborne's arguments, but remanded the case based on a finding that the ALJ's RFC assessment was inadequate under *Mascio*. *Id.* at 2, 5. At that time, the Court did not express an opinion as to whether Ms. Claiborne should be considered eligible for SSI. Rather, the Court noted that, "Without understanding why the ALJ believed Ms. Claiborne to have a moderate limitation in concentration, persistence, or pace, as opposed to a mild limitation or no limitation, I cannot ascertain whether the moderate limitation found by the ALJ would warrant any RFC restrictions in Ms. Claiborne's ability to perform or sustain even unskilled work." *Id*. at 4.

Ms. Claiborne filed the instant Application for Attorney's Fees on June 2, 2015. (ECF No. 20). Ms. Claiborne seeks $1,545.00 for her counsel, Alan J. Nuta, Esq., which represents 8.10 hours of attorney work time at an hourly rate of $175.00, and 2.55 hours of paralegal work time at an hourly rate of $55.00. (Pl.'s Appl. for Atty's Fees 2-4, ECF No. 20).

## II. LEGAL STANDARDS

A party who prevails in litigation against the United States is entitled to EAJA attorney fees if the government's position was not substantially justified and no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing claimant must submit a fee application and an itemized statement of fees to the court within 30 days of final judgment. *Id*. "The Supreme Court has approved a 'generous formulation' to determine who are prevailing parties: '[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in

bringing suit.'" *Hyatt v. Heckler*, 807 F.2d 376, 382 (4th Cir. 1986) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Commissioner bears the burden of proving that her position was substantially justified, thus precluding an award of attorney fees and costs under the EAJA. *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th Cir. 1992). The Commissioner's position must be substantially justified in both fact and law. *Id.* ("In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts."); *see also Pierce v. Underwood*, 487 U.S. 552, 562-63 (1988). When evaluating whether the government's position was substantially justified, the court must examine the Agency's conduct and posture both before and during litigation. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Crawford v. Sullivan*, 935 F.2d 655, 657 (4th Cir. 1991).

A substantially justified position is one that is "more than merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 566. To be substantially justified, the government's position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. A court's ruling against the government is not determinative, as the Commissioner "is not automatically liable for attorney's fees every time [s]he loses a case." *Crawford*, 935 F.2d at 657 (relying on *Smith v. Heckler*, 739 F.2d 144, 147 (4th Cir. 1984)).

**III.  ANALYSIS**

The Commissioner objects to Ms. Claiborne's request for attorney's fees for her counsel, arguing that attorney's fees are unwarranted because the government's position was substantially justified. Thus, this Court must evaluate whether an award of attorney's fees is proper under the

EAJA.  A party is entitled to EAJA attorney fees if: (1) the claimant is a party who prevailed in litigation against the United States; (2) the government's position was not substantially justified; (3) no special circumstances make an award unjust; and, (4) the claimant's fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement.  28 U.S.C. § 2412(d)(1); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

Ms. Claiborne easily meets three of these four requirements.  Regarding the first element of the statutory test, Ms. Claiborne qualifies as a prevailing party for purposes of awarding EAJA fees because of the Supreme Court's "generous formulation" of who constitutes a prevailing party.  By winning remand of her case, Ms. Claiborne has succeeded on a significant issue in litigation and has achieved some of the benefit she sought.

With respect to the third element, the parties do not dispute whether any special circumstances exist that would make an award of attorney's fees unjust.  As a result, the Court finds that no such circumstances exist.

Ms. Claiborne's request for attorney's fees is also timely, and therefore satisfies the fourth element of the statutory test.  The statute requires that a prevailing party's request for attorney's fees be submitted to the court within thirty days of "final judgment of the action."  28 U.S.C. § 2412 (d)(1)(B).  The Supreme Court has noted that

> An EAJA application may be filed until 30 days after a judgment becomes "not appealable"—*i.e.*, 30 days after the time for appeal has ended. Rule 4(a) of the Federal Rules of Appellate Procedure establishes that, in a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after "entry of judgment" . . . .

*Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.")

Ms. Claiborne submitted her motion for attorney's fees on June 2, 2015, thirty-two days after this case was remanded to the Agency for further proceedings. Ms. Claiborne's motion falls well within the time period announced by the Supreme Court.

The only question remaining is whether the government's position in the case was substantially justified. As noted above, the government's position must be substantially justified on both the facts and the law. *Thompson*, 980 F.2d at 281. This Court remanded this case not because the facts of this case demand that Ms. Claiborne receive benefits, but because the ALJ failed to properly explain how her RFC adequately accounted for her moderate limitation in concentration, persistence, or pace under *Mascio*. 780 F.3d at 638; (Letter Op. 3-5, ECF No. 19). The errors identified relate to how the ALJ crafted her opinion, not to the ALJ's analysis of the facts in the record. *Id*. at 4 ("However, what is lacking in the instant case is any explanation of why the ALJ assessed a moderate limitation in concentration, persistence, or pace…. Without an understanding of why the ALJ reached contradictory conclusions about whether Ms. Claiborne does or does not have moderate difficulties with concentration, persistence, or pace, I must recommend that the Court remand the case to the Commissioner…."). Accordingly, the government's position was not substantially justified in law, at least not after *Mascio* was decided.

Under *Mascio*, the ALJ has a duty to provide for a claimant's moderate limitation in maintaining concentration, persistence, or pace in terms of corresponding work-related functions in the claimant's RFC analysis, or, in the alternative, the ALJ must explain why the moderate limitation *does not* translate to functional limitations in the RFC assessment. 780 F.3d at 638. In either case, the ALJ must adequately account for her finding at step two of the sequential

analysis that a claimant experiences a moderate limitation in maintaining concentration, persistence, or pace.

Contrary to the government's assertions, the ALJ in this case failed in her duty of explanation under *Mascio*. As stated in this Court's May 1, 2015 letter opinion, "The conclusions at step two are supposed to represent reasoned consideration of all of the pertinent evidence, and are not simply an opportunity to give the claimant the benefit of the doubt at one step while taking it away at the next step." (Letter Op. 4, ECF No. 19). The ALJ's analysis of Ms. Claiborne's limitation in concentration, persistence, or pace at step two stated, "Ms. Claiborne stated that she has difficulty concentrating and remembering. However, she is able to live alone, perform housework, cook, do laundry, and shop for groceries." (Tr. 29). Despite this finding, the ALJ's subsequent discussion of Ms. Claiborne's mental limitations in her RFC assessment stated that Ms. Claiborne did not "demonstrate[] difficulties with concentration or ability to function in a work like setting." (Tr. 32). Without further explanation of the discrepancy in these findings, the ALJ did not adequately address Ms. Claiborne's moderate limitation in concentration, persistence, or pace under the parameters of *Mascio*. Furthermore, the government was given the opportunity to determine whether consent remand was required under *Mascio*, and declined to do so. *See* (ECF Nos. 17, 18). As a result, the government's position in this case was not substantially justified in the law.

The government contends that Ms. Claiborne's counsel should not receive fees, or should receive reduced fees, because the arguments he submitted on her behalf did not succeed. It is true that Ms. Claiborne prevailed not because of her attorney's arguments, but because of the intervening *Mascio* decision. However, had her attorney not pressed her appeal, she would have been unable to avail herself of the *Mascio* ruling. Moreover, Counsel's requested fee appears to

7

be reasonable and well within, and even below, other attorney's fees awarded by this Court under the EAJA for Social Security cases. *See, e.g.*, *Smith v. Colvin,* Civil No. SAG–14–4030 (awarding $1,435.00 on September 3, 2015); *Bracey v. Colvin,* Civil No. SAG–14–3847 (awarding $1,960.00 on September 3, 2015); *Link v. Colvin,* Civil No. SAG–14–2853 (awarding $3,208.97 on August 19, 2015); *Rohrback v. Colvin,* Civil No. SAG–14–3436 (awarding $1,836.00 on August 7, 2015); *Miller v. Colvin,* Civil No. SAG–14–2063 (awarding $2,046.37 on June 30, 2015). In those circumstances, I find no reason to reduce the requested fee.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Ms. Claiborne's Application for Attorney's Fees. A separate order follows.

Dated: October 1, 2015                                  /s/
                                                       Stephanie A. Gallagher
                                                       United States Magistrate Judge